IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES SAMPSON**                                                                                     **PLAINTIFF**

**VS.**                                           **4:22-CV-00089-BRW**

**DEPARTMENT OF VETERANS
AFFAIRS**                                                                                                  **DEFENDANT**

## ORDER

Plaintiff Charles Sampson paid the filing fee and initiated this case *pro se* in February 2022.[1] On February 9, 2022, summonses were issued and mailed to Mr. Sampson along with instructions explaining his responsibilities under the Federal Rules of Civil Procedure to perfect service.[2] I warned Mr. Sampson that, no later than May 2, 2022, he must either perfect service or show good cause why service could not be perfected. Mr. Sampson has neither filed proof of service nor offered good cause for the delay, and he has not otherwise responded to my February 9, 2022 Order. Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.[3]

IT IS SO ORDERED this 14th day of June, 2022.

*Billy Roy Wilson*
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff was notified of Local Rule 5.5(c)(2). (Doc. No. 2.) Rule 5.5(c)(2) reads:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] Order, Doc. No. 3.

[3] Local Rule 5.5(c)(2).